-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIERAN GOMEZ, 03-B-1424,

        Plaintiff,

        -v-

MICHAEL HOLM, LT. MCCULLY, SUPT.
JAMES MORRISSEY,

        Defendant.

05-CV-0045F

MEMORANDUM and ORDER

---

## INTRODUCTION

Plaintiff, Kieran Gomez, an inmate of the Butler Correctional Facility, has filed this pro se action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed in forma pauperis and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Michael Holm, a civilian cook at Butler, Lt. McCully, the hearing officer who handled plaintiff's disciplinary hearing, and Superintendent Morrissey violated his rights when he was issued an infraction for refusing an order from Holm to "pan up trays of beef hot dogs" and was sentenced to seven days loss of recreation and seven days loss of commissary, package and phone privileges following the disciplinary hearing before McCully. He also claims that at the beginning of the disciplinary hearing he was told by McCully in an intimidating manner that the "they" did not like receiving a phone call from plaintiff's mother regarding the incident and that, as a result of said intimidation at the disciplinary hearing, he decided not to call any witnesses and pled guilty to the charge of failing to follow staff direction. Lastly, he claims that Morrissey told him during a

conversation regarding his appeal of the disciplinary hearing that he did not generally grant time cuts and that Morrissey referred the appeal to the Deputy Superintendent. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and his due process claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v.*

2

*Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's due process claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff's claims, when liberally construed, allege a violation of plaintiff's First Amendment right to the free exercise of religion and a violation of his right to due process in relation to the disciplinary hearing and McCully's findings of guilt. His due process claims are readily dismissible because the "sentence" did not present "an atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Gomez had "no right to due process [at his hearing] *unless* a liberty interest" was infringed as a result. *Scott v. Albury*, 156 F.3d 283, 287 (2d Cir.1998) (per curiam) (emphasis in original). A state inmate's liberty interest is implicated by prison discipline only if the discipline "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. at 484. Here, the temporary loss of recreation and other privileges is not "atypical and significant." *See Arce v. Walker*, 139 F.3d 329, 336 (2d Cir 1998) (temporary denial of exercise privileges is insufficient to establish atypicality). Accordingly, plaintiff's due process claims against the defendants are dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

With respect to plaintiff's claims that he was disciplined by Holm and McCully as a result of the exercise of his claimed religious beliefs not to touch "dead redblooded flesh," the Court must accept plaintiff's allegations as true and cannot find at this

3

screening stage of the litigation that he can prove no set of facts in support of his First Amendment claim. See McEachin v. McGuiniss, 357 F.3d 197, 203 (2d Cir. 2004) ("Our cases and those of other circuits suggest that the First Amendment protects inmates' free exercise rights even when the infringement results from the imposition of legitimate disciplinary measures").

As to defendant Morrissey, while simply referring a disciplinary hearing appeal to a subordinate is generally not sufficient to establish the requisite personally involvement under § 1983, see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); Scott v. Coughlin, 78 F.Supp.2d 299, 312 (S.D.N.Y.,2000), plaintiff alleges that he had a personal discussion with Morrissey about what had occurred and that Morrissey stated that he did not usually "grant time cuts." Whether or not plaintiff can establish personal involvement against Morrissey is not a question for the Court at this time and the allegations of the complaint are at least sufficient to allow the First Amendment claim to proceed against Morrissey under the strictures of 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). See McEachin, 357 F.3d at 200.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed in forma pauperis is hereby granted. For the reasons discussed above, plaintiff's due process claims are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons

4

and complaint on Holm, McCully and Morrissey regarding the remaining First Amendment claim.

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's due process claims are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Michael Holm, Lt. McCully and Supt. Morrissey without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

SO ORDERED.

DATED:   Buffalo, New York
         June 3, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE